IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>LEMARR WASHINGTON,<br><br>            Defendant. | 8:23-CR-98<br><br>ORDER ON MOTION TO RECONSIDER SENTENCE AND SET ASIDE PLEA |

This matter is before the Court on initial review of the defendant's pro se Motion to Reconsider Sentence and Set Aside Plea. Filing 157. On September 18, 2024, the Court sentenced the defendant to a 168-month term of incarceration for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, Filing 84 (Judgment), which was the low required term of imprisonment under a Rule 11(c)(1)(C) plea agreement, Filing 103 (Plea Agreement). Prior to the defendant's sentencing, however, his codefendant pleaded not guilty and was acquitted in a jury trial that ended on July 11, 2024. Filing 137. On November 5, 2024, the defendant submitted the present Motion. Filing 157. For the reasons stated below, the defendant's Motion is denied.

The defendant argues that he was "convicted of a conspiracy charge where [there was] no culpable coconspirator." Filing 157 at 1. He further states, "I would like to explore the options of rescinding my plea with the option of pleading guilty solely to a possession charge." Filing 157 at 1. Federal Rule of Criminal Procedure 11(e) provides, "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Because the Court has already imposed sentence, Filing 151 (Judgment), the Court will liberally construe the defendant's Motion as a collateral attack on his sentence pursuant to 28 U.S.C § 2255. Thus, the Court will treat the

1

defendant's Motion as a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Specifically, the Court will liberally construe the defendant's Motion as raising two grounds for relief: a "challenge [of] the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant [agreed] to plead guilty fails to state a crime"; and for "ineffective assistance of counsel." *See* Filing 103 at 4 (plea agreement provision waiving collateral attack except on these grounds).

28 U.S.C. § 2255 permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks omitted) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011))). Relief under § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear*, 644 F.3d at 704). The judge receiving a motion pursuant to 28 U.S.C § 2255 must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. The Court can dismiss the motion if "the motion

2

and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Regarding the first ground for collateral attack, the defendant has not identified any caselaw stating "that the charge to which the defendant [agreed] to plead guilty fails to state a crime." Filing 103 at 4. The defendant merely avers that he is "concerned about being duly convicted of a conspiracy charge where [ ] there [was] no culpable co-conspirator." Filing 157 at 1. Presumably, the defendant refers to the "so-called rule of consistency" and argues that "the acquittal of his only alleged co-conspirator requires reversal of his conspiracy conviction." *United States v. Morton*, 412 F.3d 901, 904 (8th Cir. 2005). There are two flaws in this argument. First, the Eighth Circuit does not recognize the "rule of consistency," having stated "that this rule did not survive *United States v. Powell*, 469 U.S. 57 (1984)," and rejecting the same argument raised by the defendant "as meritless." *Morton*, 412 F.3d at 904; *see also United States v. Sherman*, 81 F.4th 800, 808 (8th Cir. 2023) (subsequent history omitted) ("acquittal of only alleged co-conspirator does not require reversal of defendant's conspiracy conviction" (citing *Morton*, 412 F.3d at 904)). Second, the defendant was indicted for conspiring not only with the named codefendant that was later acquitted at trial, but also "with other persons known and unknown to the Grand Jury." Filing 1 at 1. Thus, even if the "rule of consistency" was controlling precedent, it would not apply here, and the defendant's argument would still fail. *See United States v. Jones*, 880 F.2d 55, 65 n.12 (8th Cir. 1989) ("The superseding indictment alleges and the evidence establishes, however, that unindicted individuals known and unknown to the grand jury also were involved in the [drug] trafficking. In such circumstances a defendant's conviction for conspiracy may stand notwithstanding the acquittal of his co-defendants."). Accordingly, the defendant has not identified any authority stating that the crime for which he was convicted fails to state a crime.

Regarding the second ground for collateral attack, the defendant has not identified anything that could constitute ineffective assistance of counsel. Relief is appropriate under § 2255 on a claim of ineffective assistance of counsel only if the movant shows that "counsel's performance was deficient, and . . . prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotations and citation omitted). The defendant avers in his Motion that he called his attorney regarding his concerns about his conviction, and that his attorney "instantly became irritated and started rambling in an attempt to control the conversation knowing the call is limited to 15 minutes." Filing 157 at 1. However, the defendant cannot show that "prejudice resulted" from his counsel's performance in this instance because, as discussed above, there are no legal issues with the defendant's conviction, and any collateral attack prepared by his counsel would have been "meritless." *See Morton*, 412 F.3d at 904. Thus, the defendant's claim of ineffective assistance of counsel also fails. Accordingly, because both grounds of collateral attack preserved by the defendant's plea agreement are ones where the record "conclusively show[s] that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), the defendant's Motion is dismissed on initial review.

Further, the Court will not issue a certificate of appealability. No appeal may be taken on a 28 U.S.C § 2255 motion unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least,

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decision debatable: the only grounds that the defendant has not expressly waived his right to collaterally attack upon are plainly meritless. Therefore, the Court will not issue a certificate of appealability. Accordingly,

IT IS ORDERED:

1. The defendant's pro se Motion to Reconsider Sentence and Set Aside Plea, Filing 157, is denied; and

2. The Court will not issue a certificate of appealability.

Dated this 13th day of December, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge