IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LEMARR WASHINGTON,

Defendant.

**8:23–CR–98**

**ORDER**

This matter is before the Court to conduct an initial review of defendant Lemarr Washington's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 174. The defendant was sentenced on September 18, 2024, to 168 months of incarceration after pleading guilty to conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine (actual). Filing 151 (Judgment). The defendant asserts only one ground for relief: "Petitioner is actually innocent of Count 1 and Attorney was Ineffective for allowing him to plea; not investigating." Filing 174 at 4. The defendant filed a Memorandum of Facts and Law in support of his motion. Filing 175.

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The defendant's motion was timely filed. A § 2255 motion must ordinarily be filed within one year of the defendant's conviction becoming final. 28 U.S.C. § 2255(f)(1).[1] Given the defendant did not file an appeal, the defendant's conviction became final 14 days after the entry of judgment, which was October 3, 2024. Filing 151 (Judgment dated September 19, 2024); Fed. R. App. P. 4(b)(1) (giving a defendant 14 days after the entry of judgment to appeal). "Under the prison mailbox rule, a notice of appeal is deemed timely filed when an inmate deposits the notice in the prison mail system prior to the expiration of the filing deadline." *Moore v. U.S.*, 173 F.3d 1131, 1135 (8th Cir. 1999) ("We now hold that the prison mailbox rule applies to pro se § 2255 motions."). The defendant's petition was deposited in the prison mail system on October 1, 2025, within the one-year period. Filing 174 at 12.

The Court has conducted an initial review and determines that the defendant's sole ground for relief can be dismissed on initial review. Washington asserts in the Petition,

> Petitioner is Actually Innocent of Count 1. His Attorney rushed him into a plea; did no investigation into his co-defendant, who went to trail [sic] on count 1 and was found NOT GUILTY – two weeks after Petitioner plead Guilty – in large part to counsel's advice that his co-defendant was blaming everything on him and taking a deal on the conspiracy – which was not true.

Filing 174 at 4. Washinton's brief advances three reasons that his counsel was ineffective: "1. Rushing Petitioner into pleading Guilty;" "2. Failing to Investigate the Evidence against Petitioner;" "3. Lying to Petitioner to secure he plead [sic] Guilty." Filing 175 at 3. Washington asserts *inter alia* that "Counsel informed Petitioner that the [plea] deal was done and if he didn't take it, it would be all the worse for him." Filing 175 at 5. Washinton also avers that "Counsel should have known that exactly TWO WEEKS after she forced Petitioner to take this plea, his co-defendant went to trial on this charge and was found NOT GUILTY by a Jury." Filing 175 at 5–6.

[1] The other circumstances provided in § 2255(f) concerning the one-year limitation do not apply in this case.

According to Washington, "Had Petitioner known the difference between a Possession and a Conspiracy charge, and that his co-defendant was going to trial, he would have insisted on the same, as his co-defendant proved there was not sufficient evidence for a jury to convict him." Filing 175 at 6.

## I. ANALYSIS

### A. Applicable Standards

Washington brings his motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 599 U.S. 465, 472 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks and citations omitted)). Relief under 28 U.S.C. § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012). "A § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Put differently, "[n]o hearing is required . . . where the claim is inadequate on its face or if the record

affirmatively refutes the factual assertions upon which it is based." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (internal quotation marks and citations omitted).

Washington's sole ground for relief turns on an allegation of ineffective assistance of counsel. Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotation marks and citation omitted). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *O'Neil v. United States*, 966 F.3d 764, 770 (8th Cir. 2020) (quoting *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011)). "Only a performance 'outside the wide range of reasonable professional assistance' is constitutionally deficient." *Id.* at 771 (quoting *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020)). To demonstrate prejudice, "a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 694). "The likelihood of a different outcome . . . 'must be substantial, not just conceivable.'" *Donelson v. Steele*, 16 F.4th 559, 570 (8th Cir. 2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

"To establish actual innocence, [Washington] must demonstrate that 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted) (quoting *Schlu v. Delo*, 513 U.S. 298, 327–28 (1995)). Actual innocence claims require a movant to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (citing *Schlup*, 513 U.S. at 324). "This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a . . . conviction." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (citing *McNeal v. United States*, 249 F.3d 747, 749–50 (8th Cir. 2001)). "Because such evidence is obviously unavailable in the vast majority of cases, claim of actual innocence are rarely successful." *Weeks*, 119 F.3d at 1351.

### B. Washinton's Ground for Relief Fails as a Matter of Law

"In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner. . . ." *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969). Under the first *Strickland* prong, Washington must show that counsel's performance was deficient. *Harris*, 83 F.4th at 1097. Washington asserts that his counsel's performance was deficient on the ground that he pleaded guilty despite being "actually innocent of Count 1." Filing 174 at 4. As noted above, however, actual innocence claims require a movant to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Weeks*, 119 F.3d at 1351 (citing *Schlup*, 513 U.S. at 324). Washington does not allege any new evidence that could support an actual innocence claim. *See generally* Filing 174; Filing 175. Instead, Washington's claim appears to be grounded in the apparent fact that his co-defendant went to trial and was found not guilty. Filing 175 at 5–7 (saying "[b]y all accounts, Petitioner is actually innocent of the crime of Conspiracy" and "[a]fter all, if [his co-defendant] was found Innocent then Petitioner is also innocent as the evidence is the same for both"). The fact that Washington's co-defendant went to trial and was found not guilty does not provide the defendant with a ground for relief for because the Eighth Circuit does not recognize the so-called "rule of consistency,"

having stated "that this rule did not survive *United States v. Powell*, 469 U.S. 57 (1984)."[2] *Morton*, 412 F.3d at 904. Given Washington bears the burden of alleging evidence supporting his claim of actual innocence—which he has failed to do—Washington has failed to allege that his counsel performed unreasonably. *Tinajero-Ortiz*, 635 F.3d at 1105 (saying conclusory assertions cannot ground a claim to relief). Washington has only made a conclusory assertion—unsupported by any allegations relating to evidence known or unknown at the time he entered his guilty plea—that he is actually innocent.[3] *Id.* Said differently, Washington's claim is inadequate on its face. *Franco*, 762 F.3d at 763.

Rather than alleging facts or evidence tending at all to show that he is actually innocent, the defendant makes several assertions. First, the defendant states, "Counsel informed Petitioner that the deal was done and if he didn't take it, it would be all the worse for him." Filing 175 at 5. Nowhere does the petitioner allege, however, that his defense counsel provided him with legally unsound advice given that the defendant acknowledged the guilty plea's factual support. *Tinajero-Ortiz*, 635 F.3d at 1105 (saying conclusory assertions cannot ground a claim to relief); Filing 133 at 23; Filing 103 at 2; Filing 102 at 7; *see generally* Filing 175. Additionally, the Eighth Circuit has explained that "'[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should

[2] The "rule of consistency" posits that "the acquittal of [a defendant's] only alleged co-conspirator requires reversal of [the defendant's] conspiracy conviction." *United States v. Morton*, 412 F.3d 901, 904 (8th Cir. 2005). It is also relevant here that the count of the Indictment that the defendant pleaded guilty to did not limit the conspiracy to the defendant and his co-defendant, Willie Lee Jiles. Filing 1 at 1. Instead, the Indictment that the defendant pleaded guilty to stated that the defendant and Jiles "agreed together and with other persons known and unknown to the Grand Jury" to commit the offense. Filing 1 at 1.

[3] The Government explained the factual basis for the guilty plea at the defendant's change of plea hearing. Filing 133 at 23. The defendant stated that he "agree[d] the government would be able to prove all these facts if the case went to trial." Filing 133 at 23. On the facts given at the change of plea hearing, the Court found that the guilty plea was supported by an adequate factual basis. Filing 141. The defendant has asserted no facts or evidence in his motion that undermine his plea of guilty. The defendant similarly acknowledged the factual basis in his plea agreement and Petition to Enter a Plea of Not Guilty. Filing 103 at 2; Filing 102 at 7.

instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.'" *Thompson v. United States*, 872 F.3d 560, 567 (8th Cir. 2017) (quoting *Lee v. United States*, 582 U.S. 357, 369 (2017)). At his change of plea hearing, the defendant acknowledged that the Government could prove the alleged factual basis had the case gone to trial and that he "freely and voluntarily plead[ed] guilty to [the] offense." Filing 133 at 22–23. Second, the defendant states his counsel erred by failing to investigate. Filing 175 at 5–6. However, this is merely a conclusory assertion unaccompanied by any explanation of what his counsel failed to uncover that would have caused the defendant to plead differently. *Tinajero-Ortiz*, 635 F.3d at 1105. Finally, the defendant asserts that "he would NOT have taken the plea and insisted on going to trial" "[h]ad he known" his co-defendant would be found not guilty at trial. *See* Filing 175 at 6. However, this assertion also fails because the defendant acknowledged that the Government could prove the alleged factual basis had the case gone to trial and that he "freely and voluntarily plead[ed] guilty to [the] offense." Filing 133 at 22–23. The defendant has provided nothing but *post hoc* assertions that he would have pleaded differently. *Thompson*, 872 F.3d at 567 (saying "'[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences'" (citation omitted)).

The Court concludes that it "plainly appears" the defendant is not entitled to relief on the sole ground alleged in the motion. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

### C. Certificate of Appealability

No appeal may be taken on a § 2255 motion to vacate unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claim on the merits, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decision debatable. Therefore, a certificate of appealability will not be issued.

## II. CONCLUSION

For the reasons stated above, Washington's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 174, fails. Accordingly,

IT IS ORDERED:

1. Lemarr Washington's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 174, is denied; and

2. The Court will not issue a certificate of appealability.

Dated this 29th day of October, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge